IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO.: 3:20-cr-145-FDW |
| | ) | |
| v. | ) | |
| | ) | CONSENT ORDER AND |
| CHERRELL B. CRAZYTHUNDER | ) | JUDGMENT OF FORFEITURE |

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 21 U.S.C. § 853 and/or 28 U.S.C. § 2461(c), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

   (1) One Glock Model 40 handgun and ammunition;
   (2) One Sig Sauer Model 22 handgun and ammunition;
   (3) One Smith and Wesson Model 45 rifle and ammunition;
   (4) One Smith and Wesson Model 38 handgun and ammunition;
   (5) One NEF Gardner handgun and ammunition;
   (6) One Cold Model 1911 handgun and ammunition;
   (7) One Ruger Model 1911 handgun and ammunition;
   (8) One European American Armory Corp Witness handgun with ammunition;
   (9) One smith and Wesson Model 44 handgun and ammunition;
   (10) One Sherman Sport Gun, American Tactical Model 22 handgun and ammunition;
   (11) One American Tactical Model 223 rifle and ammunition;
   (12) One Romarm Model 762 rifle and ammunition;
   (13) One Palmetto Armory Model 15 rifle and ammunition;
   (14) One CAJ handgun and ammunition;
   (15) One Springfield Armory, Model XD, 40mm handgun and ammunition;
   (16) One Smith and Wesson, Model Shield, 9mm handgun and ammunition;
   (17) One Heckler and Kock handgun and ammunition all seized from Defendant on or about September 20, 2019.

2. The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s).

3. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

4. Any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and request for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

6. As to any specific assets, following the Court's disposition of all timely petitions, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of Defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 21 U.S.C. § 853 and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so. As to any firearms listed above and/or in the charging instrument, Defendant consents to destruction by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion deem to legally sufficient, and waives any and all right to further notice of such process or such destruction.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

_____
STEVEN R. KAUFMAN
Assistant United States Attorney

_____
CHERRELL B. CRAZYTHUNDER
Defendant

_____
CHERIE LONG-HARDIN, ESQ.
Attorney for Defendant

Signed this the 15th day of May 2020.

_____
THE HONORABLE DAVID C. KEESLER
UNITED STATES MAGISTRATE JUDGE